# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Courtney Richmond**,

Plaintiff,

v.

**City of Brooklyn Center**, a municipal corporation;

**Brian Robert Bruce**, individually and in his capacity as a police officer in the Police Department of the City of Brooklyn Center;

**Garett Flesland**, individually and in his capacity as a police officer in the Police Department of the City of Brooklyn Center; and

**Mike Reynolds**, individually and in his capacity as a police officer in the Police Department of the City of Brooklyn Center,

Defendants.

**ORDER**

Civil No. 03-3195 (MJD/JSM)

Paul Applebaum, Applebaum Law Office, and Scott W. Swanson, Sjoberg & Tebelius, Counsel for Plaintiff.

Jason J. Kuboushek, Jon K. Iverson, Iverson Reuvers, LLC, Counsel for Defendants.

## I.   INTRODUCTION

Plaintiff alleges that the defendant officers subjected him to a strip- and body-cavity search in violation of his civil rights. Trial began on April 18, 2005. The Jury ultimately found, among other things, that although Officer Brian Bruce's strip search of Plaintiff was not conducted in a reasonable manner, the search was not a direct cause of injury to Plaintiff. Rather, the Jury found that compensation for Plaintiff's constitutional deprivations should be the "nominal

sum" of $35,000. The Jury further concluded that Officer Garett Flesland had reasonable suspicion to support the search, participated (or failed to intervene) in the strip search, and acted reasonably. At the close of evidence, Defendants Reynolds and City of Brooklyn Center had been dismissed on a motion for directed verdict.

Both Plaintiff and Defendant Bruce now file post-trial motions. Defendant Bruce seeks judgment as a matter of law under Fed. R. Civ. P. 50, or—in the alternative—a new trial. Defendant Bruce argues that he is entitled to qualified immunity, that the nominal-damages award should be reduced to $1, or—in the alternative—that a new trial is appropriate as to damages. Plaintiff similarly seeks a new trial under Fed. R. Civ. P. 59, primarily arguing that, contrary to the Jury's ultimate findings, its $35,000 nominal-damages award demonstrates that the strip search of Plaintiff did, in fact, result in a compensable injury.

## II.    DISCUSSION

### A.    Defendant's Motions

Defendant Bruce primarily seeks a motion for judgment as a matter of law to establish (1) that he was entitled to qualified immunity and (2) that the nominal-damages award should be reduced to $1. In the alternative, Bruce seeks a new trial.

### 1.   Defendant Bruce's Motion JNOV

Defendant Bruce first seeks judgment as a matter of law pursuant to Fed. R.

Civ. P. 50. When reviewing motions under this rule, a court must

> consider the evidence in the light most favorable to the
> prevailing party, assume that the jury resolved all
> conflicts of evidence in favor of that party, assume as
> true all facts which the prevailing party's evidence
> tended to prove, give the prevailing party the benefit of
> all favorable inferences which may reasonably be drawn
> from the facts, and deny the motion, if in light of the
> foregoing, reasonable jurors could differ as to the
> conclusion that could be drawn from the evidence.

Minneapolis Cmty. Dev. Agency v. Lake Calhoun Assocs., 928 F.2d 299, 301 (8th

Cir. 1991) (quotation omitted). In conducting such a review, a court must draw

all reasonable inferences in favor of the nonmoving party, and it may not "make

credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing

Prods., Inc., 530 U.S. 133, 150 (2000). A jury verdict is accorded substantial

deference, Tilson v. Forrest City Police Dep't, 28 F.3d 802, 806 (8th Cir. 1994),

and it must be affirmed "unless, viewing the evidence in the light most favorable

to the prevailing party, [a court] conclude[s] that a reasonable jury could have

not found for that party." Stockmen's Livestock Mkt., Inc. v. Norwest Bank of

Sioux City, 135 F.3d 1236, 1240-41 (8th Cir. 1998) (quotation omitted). Such a

motion must be denied if reasonable persons could differ as to conclusions drawn

from the evidence. Haynes v. Bee-line Trucking Co., 80 F.3d 1235, 1238 (8th Cir.

1996). Put another way, "judgment as a matter of law is proper when the record

contains no proof beyond speculation to support the verdict." <u>Heating & Air Specialists, Inc. v. Jones</u>, 180 F.3d 923, 932-33 (8th Cir. 1999).

### (a)   Qualified Immunity

Defendant Bruce contends that he is entitled to qualified immunity as a matter of law. The doctrine of qualified immunity shields government officials from liability for official acts if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982) (citation omitted). "To provide its fullest and best use, qualified immunity ideally is addressed by summary judgment, but the defense can also be argued at trial and after judgment." <u>Rellergert v. Cape Girardeau County</u>, 924 F.2d 794, 796 (8th cir. 1991).

When evaluating a qualified immunity claim, a court first determines whether the facts alleged show the officer's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). If so, that court must decide whether the violated right was clearly established when the violation occurred. <u>Id.</u> A right is "clearly established" only if the contours of that right were so defined at the time of the incident that a reasonable officer in the defendant's position would have understood that his acts violated the law. <u>Parks v. Pomeroy</u>, 387 F.3d 949, 957 (8th Cir. 2004); <u>see</u> <u>Davis v. Hall</u>, 375 F.3d 703, 712 (8th Cir. 2004)

("Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.").

Defendant Bruce argues that he is entitled to qualified immunity because he reasonably believed he was acting lawfully when he conducted the strip search of Plaintiff in a private hotel room, with same-sex officers present. Bruce argues that the search satisfies the requisite considerations of

(1)   whether the searches were in a **public or private** location, e.g., United States v. Cofield, 391 F.3d 334, 337 (1st Cir. 2004) (strip search in hallway near booking desk not unconstitutional); Stark v. City of Minneapolis, 6 F. Supp. 2d 1084, 1088 (D. Minn. 1998) (on-street strip search violated Fourth Amendment);

(2)   whether the search was conducted by **same-sex officers**, Young v. City of Little Rock, 249 F.3d 730, 736 (8th Cir. 2001) (search unreasonable where officer performed strip search in front of six other detainees); and

(3)   whether the search was done in a **hygienic manner**, Nelson v. Dicke, 2002 WL 511449 (D. Minn. 2002) (noting that body cavity searches must be done in hygienic and sanitary manner, not in presence of opposite-sex officers).

Defendant Bruce contends that because he searched Plaintiff in a private hotel room, because he and Plaintiff are the same gender, and because the search was conducted in a hygienic manner, he is entitled to qualified immunity—thereby triggering vacation of judgment against him.

But despite Defendant's claims to the contrary, the record also contains evidence sufficient for a jury to conclude that the law prohibiting unreasonable searches—determined by the search's scope, manner, justification, and location—was clearly established at the time of the search, and that the law's application to Defendant's actions was evident. See Greiner v. City of Champlin, 27 F.3d 1346, 1352 (8th Cir. 1994); Bell v. Wolfish, 441 U.S. 520, 559 (1979). Further, the Jury received appropriate instructions and evidence sufficient for it to conclude that the search was objectively unreasonable.

The Jury's verdict is supported by the evidence, where reasonable persons could draw different conclusions from that evidence. As this Court concluded in its summary judgment order, the evidence does not support judgment that the officer was entitled to qualified immunity as a matter of law, and the evidence produced at trial has not altered that conclusion. As such, Defendant's motion, to the extent it seeks qualified immunity as a matter of law, is denied.

### (b)    Reduction of Nominal-Damages Award

Defendant Bruce next argues that because the $35,000 nominal-damages award is excessive and contrary to law, it is properly reduced to $1.

The Court's relevant jury instruction stated as follows:

> If you find in favor of Plaintiff on his claim that his constitutional rights were violated, but you find that his damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of One Dollar ($1).

(Jury Instruction No. 30.) The special verdict form, in turn, stated as follows:

> If Brian Bruce's strip search of Courtney Richmond was not a direct cause of injury, what nominal sum of money will fairly and adequately compensate Courtney Richmond for the deprivation of his constitutional rights?

(Special Verdict Form Question No. 4.) The Jury responded to Question No. 4 with the "nominal" amount of $35,000. Defendant contends that this amount should be reduced to one dollar as a matter of law.

### (1)   Standard for Reduction of Awards

If legal error is detected in a jury's verdict, a district court has the power to modify that award. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 433, 439 (1996); see Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1330 (11th Cir. 1999) (where portion of verdict is for identifiable amount not permitted by law, court may modify jury's verdict to correct amount). Reduction is the appropriate mechanism to correct an excessive award of nominal damages because the award of nominal damages is a question of law. Robinson v. Cattaraugus County, 147 F.3d 153, 162 (2d Cir. 1998) (noting that an instruction that jury "may" award nominal damages is "plain error"). In constitutionally reducing a nominal-damages award, a court proceeds under Rule 50, not Rule 59. Johansen, 170 F.3d at 1331.

Defendant Bruce contends that the proper analysis is that of a reduction, not a remittitur, of the nominal-damages award. See Ross v. Kansas City Power &

Light Co., 293 F.3d 1041, 1049 (8th Cir. 2002) (permitting reduction of

constitutionally prohibited award). The Ross court explained the difference

between the two:

> [a] constitutionally reduced verdict . . . is really not a
> remittitur at all. A remittitur is a substitution of the
> court's judgment for that of the jury regarding the
> appropriate award of damages. The court orders a
> remittitur when it believes the jury's award is
> *unreasonable* on the facts. **A constitutional reduction, on
> the other hand, is a determination that the law does not
> permit the award.** Unlike a remittitur, which is
> discretionary with the court . . . a court has a mandatory
> duty to correct an unconstitutionally excessive verdict so
> that it conforms to the requirements of the due process
> clause.

Id. (italics and omissions in original; bold added; quotation omitted). As such, this

Court shall interpret Defendant's motion as one for a constitutional reduction of

the award.

### (2)   Analysis

The Eighth Circuit has held that a court has the power to reduce a

compensatory damage award where "certain identifiable sums included in the

verdict should not have been there." C.L. Maddox, Inc. v. Benham Group, Inc., 88

F.3d 592, 603-04 (8th Cir. 1996). The Seventh Amendment permits modification

of damage awards where the amounts are undisputed. See Liriano v. Hobart

Corp., 170 F.3d 264, 272-73 (2d Cir. 1999); EEOC v. Massey Yardley Chrysler

Plymouth Inc., 117 F.3d 1244, 1252-53 (11th Cir. 1997).

Permitting nominal damages for deprivation of rights has a long history:

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

Carey v. Piphus, 435 U.S. 247, 266 (1978) (footnote omitted); see Farrar v. Hobby, 506 U.S. 103, 112 (1992) ("Carey obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury."). Black's Law Dictionary defines "nominal damages" as "[a] trifling sum awarded when a legal injury is suffered but when there is no substantial loss or injury to be compensated." BLACK'S LAW DICTIONARY (8th ed. 2004) (sub-definition of "damages").

The Eighth Circuit has held on many occasions that an appropriate amount of nominal damages is one dollar. E.g., Risdal v. Halford, 209 F.3d 1071, 1072 (8th Cir. 2000) (finding error in permissive "may" instruction regarding nominal damages, holding that nominal-damages award is mandatory, and remanding for district court award of $1); see Bailey v. Runyon, 220 F.3d 879, 882 (8th Cir. 2000) (affirming district court's award of $1 in nominal damages); Dhyne v.

Meiners Thriftway, Inc., 184 F.3d 983, 986 (8th Cir.1999) (affirming $1 nominal-damage award in sexual harassment suit); Butler v. Dowd, 979 F.2d 661, 669 (8th Cir. 1992) (en banc) (in case involving homosexual rapes, affirming jury's nominal-damage award of $1 to each plaintiff); Haley v. Wyrirk, 740 F.2d 12, 14 (8th Cir. 1984) (affirming district court's refusal to modify jury's nominal-damages award of $1 to prisoner stabbed thirty-two times).

The comments to the Eighth Circuit's Model Civil Jury Instructions further state that:

> One Dollar ($1.00) *arguably is the required amount* in cases in which nominal damages are appropriate. Nominal damages are appropriate when the jury is unable to place a monetary value on the harm that the plaintiff suffered from the violation of his rights.

8TH CIR. CIVIL JURY INSTR. 5.33 comment (2001) (emphasis added) (citing Cowans v. Wyrick, 862 F.2d 697 (8th Cir. 1988) (in prisoner civil rights action, nominal damages appropriate where jury cannot place monetary value on harm suffered); Haley v. Wyrick, 740 F.2d 12 (8th Cir. 1984)).

Other courts[1] have consistently limited nominal damages awards to nominal amounts such as one dollar. E.g., Carey, 435 U.S. at 266-67 (directing district court, even if it determines suspensions were justified, to award—at most—$1 in nominal damages); United States ex. rel. Tyrrell v. Speaker, 535 F.2d

---

[1] See Corpus v. Bennett, No. 01-2060 (DSD/SRN), 2004 WL 1908249 (D. Minn. May 25, 2004) (unpublished) (reducing, sua sponte, jury's $75,000 "nominal" damages award to $1), appealed but not yet decided No. 04-2603 (8th Cir. filed June 25, 2004).

823, 830 (3d Cir. 1976) (reducing nominal damages from $500 to $1) (citing

<u>Stevenson v. Economy Bank of Ambridge</u>, 197 A.2d 721, 728 (Pa. 1964) ("The

basic unit of American money is the dollar, and, in the future, when nominal

damages are awarded in our courts, one dollar shall be the measure thereof."));

<u>Chesapeake & Potomac Tel. Co. v. Clay</u>, 194 F.2d 888, 890 (D.C. Cir. 1952)

(reducing $500 damages award to $1, holding "[t]he term 'nominal damages'

means a trivial sum, usually one cent or one dollar, awarded to a plaintiff whose

legal right has been technically violated but who has proved no real damage").

The First Circuit, reducing a $500 "nominal damages" award in a police brutality

case, held as follows:

> If a compensable injury has been shown, compensatory
> damages must be given; if not, *nominal damages should
> not be used to compensate plaintiff in any substantial
> manner*, since he has shown no right to such
> compensation. We do not accept those decisions that
> have awarded as nominal damages more than a token
> amount. *Five hundred dollars charged against an
> individual police officer is no mere token*.

<u>Magnett v. Pelletier</u>, 488 F.2d 33 (1st Cir. 1974) (emphasis added).

Plaintiff contends that the Jury's $35,000 award should not be reduced

because Defendant Bruce has not overcome the presumption of the validity of a

jury's verdict. Plaintiff argues as follows: (1) the special verdict form had a blank

space after the dollar sign, so the Jury was not limited to only $1; (2) the

instructions provide that $1 must be awarded if Plaintiff's injuries had no

monetary value, but the Jury's $35,000 award demonstrates that the Jury

believed that injuries *did* in fact have value; (3) the cases cited by Defendant do

not involve Section 1983 claims and merely affirm—but do not mandate—one-

dollar awards; and (4) the Jury acted within its province in determining what is a

"nominal" amount, contending that "one man's pittance or trifling amount is

another's fortune or treasure."

Plaintiff lastly points to a Second Circuit holding a district court's reduction

of a $75,000 nominal damages award, to $1, was improper. <u>Auwood v. Harry

Brandt Booking Office, Inc.</u>, 850 F.2d 884, 893 (2d Cir. 1988) (reversing

remittitur and reinstating jury's $75,000 "nominal" damages award). But the

Second Circuit in <u>Auwood</u> noted several times that the district court's ambiguous

instruction[2] failed to provide an example "nominal" amount, but that the district

court instead instructed the jury that nominal damages were merely "*a minimal

sum* that may be awarded when a person's rights have been violated, but when he

has not proved any actual damages or when he has been unable to prove an

amount." <u>Id.</u> at 892-93 (emphasis added). Indeed, the <u>Auwood</u> court noted that

its holding would likely have been different if the district court had—like the

instructions in the instant case—provided the jury with a clearer instruction that

included a dollar amount:

---

[2] The Second Circuit noted that the district court's instructions did not provide a $1
figure, and they were "not a model of clarity." <u>Id.</u> at 892.

> Had the trial court's instructions made clear what the court meant by nominal damages, we would likely be forced to the conclusion that the jury's answer to Interrogatory 3 was internally inconsistent, for nominal damages are limited to sums that are de minimis, most commonly $1.

Id. at 892.

Here, this Court provided the clear, unambiguous instruction that if the Jury found that Plaintiff's constitutional rights were violated, but that his damages have no monetary value, then the Jury "must return a verdict for Plaintiff in the nominal amount of One Dollar ($1)." Plaintiff did not object to this language. Because the Jury's award of $35,000 is directly contrary to the Court's instruction, because the Jury's award is clearly not a "nominal" sum under both relevant caselaw or any interpretation of that word, and because one dollar was the mandated sum under both the Jury Instructions and under applicable precedent, the Jury's award shall be reduced to one dollar ($1).

### 2.    Defendant Bruce's Motion for New Trial or Remittitur

Because the Court reduces the nominal damages award to one dollar, it need not consider Defendant Bruce's motion for a new trial under Rule 59 or for remittitur under Rule 50—both of which had sought the same result.

### B.    Plaintiff's Motion for New Trial

Plaintiff makes a cross-motion for a new trial under Rule 59, asserting that the great weight of the evidence demonstrates (1) that the strip search did, in

fact, directly cause compensable injury, as shown by the Jury's returning the "nominal" amount of $35,000; (2) that, contrary to the Jury's verdict, Officer Bruce did not have a reasonable suspicion to strip search Plaintiff; (3) that Officer Flesland failed to intervene, as he was required under law, and that his failure was unreasonable; and (4) the existence of a body-cavity search that was unsupported by either probable cause or exigent circumstances.

### 1.    Standard for Rule 59 Motions

Motions for a new trial are governed by Rule 59 of the Federal Rules of Civil Procedure, which states, in relevant part:

> **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

Fed. R. Civ. P. 59(a). In considering such motions, "the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992) (quotation omitted).

The fundamental methodology in considering these motions contrasts with those procedures governing motions for JNOV. Id. Motions for a new trial under Rule 59 are to be granted only if the jury's verdict was against the great weight of the evidence, constituting a miscarriage of justice. Ogden v. Wax Works, Inc., 214

F.3d 999, 1010 (8th Cir. 2000); see id. Where the facts are not particularly

complex, the legal principles are not likely to confuse the jurors, and "reasonable

men may differ" as to the correct outcome, the verdict must stand. Fireman's Fund

Ins. Co. v. Aalco Wrecking Co., 466 F.2d 179, 187 (8th Cir. 1972).

### 2.    Compensable Injury and Jury's Verdict

Plaintiff contends that where the Jury found that Defendant Bruce's search

was not done in a reasonable manner, the Jury's conclusion that Plaintiff did not

suffer any direct, resultant injury was against the great weight of the evidence.

However, in reaching its conclusion, the Jury permissibly considered all the

evidence, including Plaintiff's other strip searches both before and after the

incident at issue, as well as his failure to produce medical or psychological

testimony, medical records, or jail intake records to indicate that this strip search

caused him injuries.

Because the Jury's finding that Plaintiff did not suffer any direct injury is

not against the great weight of the evidence, but is instead consistent with

evidence demonstrating lack of injuries, Plaintiff's motion is denied.

### 3.    Reasonable Suspicion by Officer Bruce

Plaintiff also argues that Defendants impermissibly "stacked" the

reasonable-suspicion factors (e.g., providing a false name, marijuana, outstanding

warrant) without viewing the totality of the circumstances, which Plaintiff asserts

actually mitigated all of those factors. But when the Jury reached its conclusion regarding reasonable suspicion, it permissibly considered all of the evidence, which also included the tip of drug activity in the room, Plaintiff's reluctance to show his hands, his evasive answers, prior drug charges, the presence of drug tear-offs, and his possession of marijuana. See John Does 1-100 v. Boyd, 613 F. Supp. 1514, 1524 (D. Minn. 1985) (holding that strip searches are within the bounds of the Fourth Amendment if there is objective, reasonable suspicion to believe misdemeanor detainees possess contraband). This evidence was sufficient for a reasonable jury to reach its conclusion, and that conclusion was not against the great weight of the evidence. Further, if Plaintiff found the Court's instructions to be misleading or confusing, he is required to (but failed to) object at trial. See Hankerson v. North Carolina, 432 U.S. 233, 244 n.8 (1977) ("[F]ailure to object to a jury instruction is a waiver of any claim of error.").

In light of the evidence supporting a finding of reasonable suspicion, which is a factual determination to be made by a jury, Kelleher v. New York State Trooper Fearon, 90 F. Supp. 2d 354, 361 (S.D.N.Y. 2000), the jury's determination was not against the great weight of the evidence.

### 4.    Officer Flesland's Failure to Intervene

Plaintiff next argues that because the Jury found that Officer Bruce's search was unreasonable, it should also be required to find that Officer Flesland's undisputed assistance in that search was also unreasonable. But Plaintiff

misconstrues the Jury's finding. The Jury had already found in Question One that

Officer Bruce in fact had reasonable suspicion for the search, but it found in

question two that the *manner* of Officer Bruce's search was unreasonable. Officer

Flesland's conduct is not unreasonable merely because Officer Bruce's conduct

was found to be unreasonable. As such, the evidence and instructions sufficiently

provided the Jury with a basis to find that Officer Flesland both had reasonable

suspicion and conducted himself in a reasonable manner.

### 5.   Body-Cavity Search

Plaintiff lastly contends that the great weight of the evidence shows that a

body-cavity search occurred, pointing to the statement in Officer Reynolds' report

that the tissue was in Plaintiff's "anus"; to the assertedly illogical nature of Officer

Bruce's contention that the tissue was in the butt cheeks but not the "anal area,"

as defined by the Court's response to the Jury's question; and to the Jury's

assumed confusion (demonstrated by its written questions to the Court) regarding

probable cause or exigent circumstances that would justify a body-cavity search.

The Jury was presented with testimony and other evidence providing the

officers' recollection of the events, and the Jury was free to believe or disbelieve

any witness's testimony. See DiCarlo v. Keller Ladders, Inc., 211 F.3d 465, 468

(8th Cir. 2000) ("Determining the credibility of a witness is the jury's province,

whether the witness is lay or expert."); see also Willis v. State Farm Fire & Cas.

Co., 219 F.3d 715, 720 (8th Cir. 2000) (holding that "a jury is free to disbelieve any witness, even if the testimony is uncontradicted or unimpeached").

Further, the Court may not speculate as to the purpose of the Jury's inquiries; therefore, it may not consider the Jury's written questions when deciding whether to grant a new trial. Cf. United States v. Neiss, 684 F.2d 570, 572 (8th Cir. 1982) ("[I]t is well settled that a trial court is not required to speculate upon the purpose of the jury's inquiry during its deliberations[;] the court, if it chooses to reply, should answer the inquiry within the specific limits of the questions presented."). Lastly, the determination of exigent circumstances is "normally a question for the jury." Ewolski v. City of Brunswick, 287 F.3d 492, 501 (6th Cir. 2002). And a court may not reweigh the evidence and set aside the jury verdict merely because it believes other inferences are more reasonable. White v. Pence, 961 F.2d 776, 780-81 (8th Cir. 1992).

Here, the Jury's finding that no body-cavity search occurred is an insufficient ground to grant a new trial. Because the record contains sufficient evidence to support the Jury's findings and verdict, and because the presence of exigent circumstances is a question of fact within the province of the Jury, Plaintiff's motion is denied.

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1.    Defendant Bruce's Motion for JNOV or for New Trial [Docket No. 84] is **DENIED IN PART AND GRANTED IN PART**, as set forth below;

       a.    Defendant's Motion to Reduce the Jury's award is **GRANTED**, and that nominal-damages award of $35,000 is hereby reduced to one dollar ($1);

       b.    The reminder of Defendant's motion is **DENIED.**

2.    Plaintiff's Motion for New Trial [Docket No. 90] is **DENIED.**


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: __July 29, 2005_____          __s/Michael J. Davis_____
                                       Judge Michael J. Davis
                                       United States District Court